Affirmed and Memorandum Opinion filed May 25, 2004









Affirmed and Memorandum Opinion filed May 25, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00596-CR

NO. 14-03-00597-CR

____________

 

CRUZ ANTHONY
MARTINEZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause Nos. 914,926
& 914,927

 



 

M E M O R A N D U M   O P I N I O N

The jury found appellant guilty of sexual
assault and sexual assault of a child. 
The jury assessed punishment for the first offense at ten years= confinement in
the Texas Department of Criminal Justice, Institutional Division and a fine of
$10,000, but recommended community supervision and probation of the fine; the
jury assessed punishment for the second offense at three years= confinement and a
fine of $10,000.  In three points of
error, appellant contends the evidence was legally insufficient to sustain his
conviction for the first offense, and that the evidence was factually
insufficient to sustain his convictions for either offense.  We affirm.








FACTUAL AND PROCEDURAL BACKGROUND

In January of 1995, appellant told his
fourteen-year-old stepdaughter, C.B., that while her sisters were visiting
their grandmother, she could sleep in the same bedroom as her mother and
appellant.  C.B. accepted the offer and
laid down on appellant=s bed. 
When she asked where her mother was, appellant said that she was taking
a shower.  Appellant laid down on the bed
next to C.B. and began kissing her.  She
resisted, but appellant held her arms and forced her to have sex with him.  Appellant made C.B. spend the night in the
bed with him, and C.B.=s mother slept on a couch. 

For the next several months, C.B. would
sleep in the bed with appellant and her mother would sleep on the couch.  Appellant would force C.B. to have sex with
him every night.  

After several months, C.B.=s mother began
sleeping in the bed again, and C.B. slept on the floor in appellant=s room.  Appellant forced C.B. to have sex with him
when her mother was not home, two or three times a week.

After about two years, appellant began
forcing C.B. to engage in oral and anal sex as well.  The abuse continued for approximately five
more years. 

ANALYSIS

I.        Legal
Sufficiency.

In his first point of error, appellant
contends the evidence was legally insufficient because it did not establish
that penetration of C.B.=s anus occurred.  Although the applicable statute makes either
contact or penetration of the anus an offense, see Tex. Penal Code ' 22.011(a)(1), the
indictment only charged appellant with penetration.  Appellant contends that although there is
some evidence of contact, there is no evidence of penetration.








In reviewing legal sufficiency, we view
the evidence in the light most favorable to the verdict.  Wesbrook v. State, 29 S.W.3d 103, 111
(Tex. Crim. App. 2000); Jackson v. Virginia, 443 U.S. 307, 319
(1979).  The issue on appeal is not
whether we, as a court, believe the State=s evidence or
believe that appellant=s evidence outweighs the State=s evidence.  Wicker v. State, 667 S.W.2d 137, 143
(Tex. Crim. App. 1984).  The verdict may
not be overturned unless it is irrational or unsupported by proof beyond a
reasonable doubt.  Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991); see also Swearingen v.
State, 101 S.W.3d 89, 94 (Tex. Crim. App. 2003).

The conviction is supported by C.B.=s testimony that
appellant forced her to engage in anal sex. 
When asked to describe what she meant by Aanal sex,@ C.B. explained, AIt was in my butt
hisChis penis in my
butt, I guess I would put it.@  C.B. further testified that the Aanal sex@ was painful and
caused her to bleed.

Appellant contends this evidence is
insufficient because the terms Aanus@ and Abutt@ are not
synonymous and that a penis could be placed between the buttocks without
penetrating the anus.  This situation is
possible under the strict definitions of Aanus@[1] and Abuttocks,@[2] but the jury was
not constrained to the strict definitions. 
See  Vernon v. State,
841 S.W.2d 407, 409 (Tex. Crim. App. 1992) (AWords not
specially defined by the Legislature are to be understood as ordinary usage
allows, and jurors may thus freely read statutory language to have any meaning
which is acceptable in common parlance.@).  The jury could have rationally concluded that
Ain my butt@ indicated
penetration of the anus.








Appellant=s contention also
ignores C.B.=s initial testimony that she was forced to
engage in Aanal sex.@  The word Aanal,@ by its
definition,[3]
indicates that the act involved the anus, not merely the buttocks.  C.B. also testified that the anal sex
resulted in pain and bleeding, from which the jury could have rationally
concluded that at least minimal penetration of the anus occurred.  The jury=s determination
that appellant penetrated C.B.=s anus was neither
irrational nor unsupported by proof beyond a reasonable doubt.  We overrule appellant=s first point of
error.

II.       Factual
Sufficiency.

In his second and third points of error,
appellant contends the evidence was factually insufficient because C.B.=s testimony lacked
credibility for several reasons: the lack of corroborating evidence, motivation
for C.B. to lie, and contradicting testimony by other witnesses.[4]

In reviewing factual sufficiency, we view
all of the evidence in a neutral light, and we will reverse a conviction only
if the evidence supporting guilt is so obviously weak as to render the
conviction clearly wrong and manifestly unjust, or if that evidence, although
adequate when taken alone, is so greatly outweighed by the overwhelming weight
of contrary evidence as to render the conviction clearly wrong and manifestly
unjust.  Vasquez v. State, 67
S.W.3d 229, 236 (Tex. Crim. App. 2002).








In reviewing credibility under the factual
sufficiency standard, we consider only those few matters that can be fully
determined from a cold appellate record. 
Johnson v. State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000).  ASuch an approach
occasionally permits some credibility assessment but usually requires deference
to the jury=s conclusion based on matters beyond the
scope of the appellate court=s legitimate
concern.@  Id. 
Unless a different result is clearly appropriate, we must defer to the
jury=s conclusion
because the jurors were in attendance when the testimony was delivered.  Id. 
The jurors thus had the Aopportunity to
examine those tell‑tale signs of credibilityCsuch as the
physical appearance, demeanor, and cadence of speech of the witnessCwhich are
unavailable to an appellate court on the face of a cold record.@  Id. at 8 n.9 (quoting Commonwealth
v. Williams, 720 A.2d 679, 684 (Pa. 1998)).

A.      Lack
of Corroborating Evidence.

First, appellant argues that C.B.=s testimony lacked
credibility because it was unsupported by corroborating evidence.  In particular, appellant complains that no
medical examination was performed and that C.B.=s therapist was
not called to testify.  However, there is
no indication that this additional testimony would have been probative.  Because of the delayed outcry, a medical
examination may have been inconclusive,[5]
and C.B. testified that she did not tell her therapist about the assaults.  Failure to present this additional evidence
does not indicate that C.B.=s testimony lacked
credibility.

Further, a conviction for sexual assault
is supportable on the uncorroborated testimony of the victim if at the time of
the alleged offense the victim was seventeen years of age or younger.  See Tex.
Code Crim. Proc. art. 38.07. 
Therefore, the State was not required to produce any evidence to
corroborate C.B.=s testimony.[6]

B.      Motivation
to Lie.








Second, appellant argues that C.B.=s testimony lacked
credibility because she was motivated to lie. 
C.B. was supposedly initially motivated to lie by appellant=s disapproval of
her relationship with an older, married man and the necessity of moving out of
appellant=s house if she wanted to continue the
relationship; C.B. was supposedly motivated to continue lying once the police
became involved because of the momentum of the prosecution and the fear of a
criminal charge against herself if she retracted her statements.

We must show due deference to a jury=s determination
concerning credibility unless the record clearly indicates the determination
was manifestly unjust.  Johnson,
23 S.W.3d at 9.  Because the jury
convicted appellant, the jury must have determined C.B.=s testimony was
credible despite evidence of possible motives for her to lie.  Based on the cold record, we do not find this
determination was manifestly unjust.

C.      Contradicting
Testimony.

Third, appellant argues that C.B.=s testimony lacked
credibility because it was contradicted by the testimony of other witnesses,
including appellant.  However, other
witnesses testified in support of C.B.

We must show due deference to a jury=s determination
concerning the weight and credibility of conflicting evidence unless the record
clearly indicates the determination was manifestly unjust.  Johnson, 23 S.W.3d at 9.  AA decision is not
manifestly unjust merely because the jury resolved conflicting views of the
evidence in favor of the State.@  Cain v. State, 958 S.W.2d 404, 410
(Tex. Crim. App. 1997).  Based on the
cold record, we do not find the jury=s decision to believe
C.B.=s testimony was
manifestly unjust.  We overrule appellant=s second and third
points of error.

We affirm the judgment of the trial court.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed May 25, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  AAnus@ is defined as Athe
posterior opening of the alimentary canal.@  Merriam-Webster=s Collegiate Dictionary 52 (10th ed. 2002).





[2]  AButtock@ is
defined as Athe back of a hip that forms one of the fleshy parts
on which a person sits.@  Merriam-Webster=s Collegiate Dictionary 156 (10th ed. 2002).





[3]  AAnal@ is defined as Aof,
relating to, or situated near the anus.@  Merriam-Webster=s Collegiate Dictionary 52 (10th ed. 2002).





[4]  Appellant also
suggests that we should consider whether a second trial would lead to a more
reliable result, because of alleged errors by both the trial court and trial
counsel.  He has presented no authority
for this position, however, and such a consideration is not appropriate for a
factual sufficiency review.  See Perez
v. State, 113 S.W.3d 819, 837 (Tex. App.CAustin
2003, pet. ref=d).  Our task in
a factual sufficiency review is not to speculate on what evidence trial counsel
could have presented or what rulings the trial court should have made; our task
is to examine the same evidence weighed by the jury.  See Sells v. State, 121 S.W.3d
748, 754 (Tex. Crim. App. 2003).

 





[5]  As a detective
with the child abuse division of the Harris County Sheriff=s Department testified,

Q.         In your experience as
a[n] investigator of child abuse cases, is it common to find physical evidence?

A.         A lot of times in child
abuse, you really don=t get physical evidence.

Q.         And if you know, why is
it that you don=t get physical evidence?

A.         Usually the outcry is
delayed.  The evidence is gone.  You know, the evidence has been contaminated
or moved.  Many reasons why there=s not physical evidence in child abuse.  Mainly the delayed outcry.





[6]  Based on the
testimony given at trial, C.B. was thirteen at the time of the first offense
and sixteen at the time of the second offense.